UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                :

**RAMON M. CORA**,
                :

           Plaintiff,
                :    **MEMORANDUM DECISION AND ORDER**

    – against –
                :    23-CV-9086 (AMD) (LB)

**RENNASSACE MENS SHELTER; MS. SMITH; BOWMAN, JASON**,
                :

           Defendant.
                :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On December 7, 2023, the *pro se* plaintiff Ramon M. Cora brought this action against the Renaissance Men's Shelter in Brooklyn, New York ("Renaissance").[1] His application to proceed *in forma pauperis* is granted. (ECF No. 3.) For the reasons explained below, the action is dismissed without prejudice. The plaintiff is granted leave to file an amended complaint within 30 days after the entry of this order.

## BACKGROUND

The plaintiff brings a civil rights claim under 42 U.S.C. § 1983 against Renaissance. (ECF No. 1 at 4.) He alleges that three managers assaulted him at the shelter. (*Id.*) He also alleges that he was laughed at because of his race and received discriminatory remarks about the Puerto Rican flag,[2] that his "breathing machine" and mail were stolen, and that he was denied

---

[1] The Court adopts the plaintiff's spelling of Renaissance as "Rennassace Men Shelter" for the case caption.

[2] The plaintiff does not identify the person or people who laughed at him or made discriminatory remarks, although he states at another point in the complaint that defendant Jason Bowman made remarks about the plaintiff's Puerto Rican flag. (*See* ECF No. 1 at 5.)

food.  (*Id.*)  He asserts that he suffered two broken ribs, a broken tail bone, and an eye injury.  (*Id.* at 6.)  He seeks $150,000 in damages for "pain [and] suffering, and mental anguish."  (*Id.*)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court's obligation "to construe a *pro se* complaint liberally" continues to apply "[e]ven after *Twombly*" established the plausibility standard for assessing pleadings.  *Newsome v. Bogan*, 795 F. App'x 72, 72 (2d Cir. 2020) (summary order) (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)).

Although courts apply this lenient standard to *pro se* plaintiffs' filings, when a plaintiff seeks permission to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines" that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "An action is 'frivolous' when (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory," i.e., "the claim lacks an arguable basis in law" or "a dispositive defense clearly exists on the face of the complaint."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

# DISCUSSION

Section 1983 provides that:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived the plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). However, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *accord Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

The plaintiff's claim must be dismissed because Renaissance is run by Services for the Underserved, a private, not-for-profit social services organization that provides mental health treatment and housing assistance. The shelter and its employees are not state actors for purposes of Section 1983. *See Hill v. N.Y.C. Shelter System*, No. 22-CV-7350, 2023 WL 2143641, at *2–3 (S.D.N.Y. Feb. 17, 2023) (noting that Renaissance Shelter is a shelter operated by Services for the Underserved and is not a governmental agency); *Carter v. Rennessanice [sic] Men's Shelter*, No. 12-CV-5999, 2013 WL 308685, at *2 (E.D.N.Y. Jan. 25, 2013) (same). Even reading the complaint liberally, there are no allegations that demonstrate that the defendants' actions may be "fairly attributable" to the state. *See, e.g., Cmty. Recovery Found., Inc. v. Clarke Thomas Men's Shelter*, No. 23-CV-6965, 2023 WL 6622749, at *3–4 (S.D.N.Y. Oct. 11, 2023) (noting that the named shelters were operated by private organizations, and plaintiff did not allege any facts

3

suggesting that the shelters acted under color of state law); *Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter*, 18-CV-5995, 2020 WL 1043305, at *4 (E.D.N.Y. Mar. 4, 2020) (dismissing Section 1983 claims against a private organization providing housing to the homeless under contract with New York City because the plaintiff did not show "that this private organization [was] performing a public function sufficient to turn the shelter or its employees into state actors for purposes of § 1983 liability"); *Carter*, 2013 WL 308685, at *2 (dismissing Section 1983 claims against a private organization operating a homeless shelter and its staff members because the defendants were not "state actors" and the plaintiff did not adequately allege that the defendants "perform a public function sufficient to turn the organizations or their employees into state actors for purposes of § 1983 liability").  Therefore, the plaintiff's claim against Renaissance must be dismissed.

Moreover, to the extent that the plaintiff seeks to bring a Section 1983 claim based on the conditions at the shelter, he does not state a claim because the current complaint does not provide sufficient information to allege a constitutional violation.  There is no federal constitutional right to housing or accommodations in a shelter system.  *Lindsey v. Normet*, 405 U.S. 56, 74 (1972) (holding that there is no "constitutional guarantee of access to dwellings of a particular quality"); *Jones v. City of New York*, No. 22-CV-7243, 2022 WL 12020253, at *5 (S.D.N.Y. Oct. 17, 2022) (order dismissing the plaintiff's Section 1983 claims arising from shelter conditions and her placement at a particular shelter for failure to state a claim).  Without adequately alleging "any underlying constitutional violation," the plaintiff cannot state a Section 1983 claim.  *Myftari v. Dep't of Fin.*, No. 23-CV-2558, 2023 WL 3628584, at *2 (E.D.N.Y. May 24, 2023) (quoting *Malik v. City of New York*, 841 F. App'x 281, 285 (2d Cir. 2021)).

In light of the plaintiff's *pro se* status, the Court grants him leave to file an amended complaint that names proper defendants and alleges plausible facts in support of his claim. *Twombly*, 550 U.S. at 570 (requiring a complaint to plead "enough facts to state a claim to relief that is plausible on its face").  If he chooses to file an amended complaint, the plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant.  That information should include the names and titles of all relevant people; a description of all relevant events, including what each defendant did or did not do, the approximate date and time of each event, and the general location where each event occurred; a description of the injuries the plaintiff suffered; and the relief the plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

If the plaintiff intends to assert Section 1983 claims against private individuals, he must allege plausible facts suggesting that the individual's actions may be "fairly attributable to the state," *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999), or that the challenged conduct constitutes "state action," *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002).  *See also Malek v. N.Y. Unified Ct. Sys.*, 2023 WL 2429528, at *17 (E.D.N.Y. Mar. 9, 2023).  The plaintiff must also state facts showing how each individual defendant was personally involved in violating his rights.  If the plaintiff does not know the name of an individual defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.

## CONCLUSION

For these reasons, the plaintiff's action is dismissed without prejudice. The plaintiff has 30 days to file an amended complaint, which must be captioned "Amended Complaint" and bear the same docket number as this order: 23-CV-9086 (AMD) (LB). The plaintiff is advised that the amended complaint completely replaces the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. All further proceedings shall be stayed for 30 days. If the plaintiff does not file an amended complaint within the time allowed or show good cause for an extension to file the amended complaint, the Court will direct the Clerk of Court to enter judgment and close this case. The plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to the plaintiff along with a civil rights complaint form and to note the mailing on the docket.

**SO ORDERED.**

                                                       s/Ann M. Donnelly
                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated: Brooklyn, New York
         January 22, 2024